## BURRELL et al. v. DUGAT.

### No. 3789.

Court of Civil Appeals of Texas. Beaumont.
July 31, 1941.

Rehearing Denied Sept. 17, 1941.

C. A. Lord and W. Tom Kenna, both of Beaumont, and Homer E. Stephenson, of Orange, for appellants.

LeRoy McCall, of Beaumont, for appellee.

COMBS, Justice.

The appellee, Mrs. Margaret Dugat, widow of Giles Dugat, deceased, brought this suit against appellants, Will Burrell and wife, Clair Burrell, and against Laurence Mahon and wife, Verdie Mahon, as defendants. The theory of her case was that in 1926, immediately after the death of her husband, Giles Dugat, she conveyed to the Burrells 50 acres of land and a like amount to the Mahons, upon their promises and agreement to look after her and support her during the remainder of her life, whenever it should become necessary. Then, about two years before the filing of this suit, she became destitute and unable to support herself, and that the defendants wholly breached their agreement and refused to do anything for her or contribute to her support. She sought cancellation of the deed which she made to the Burrells. As to the Mahons, they had already conveyed the land to innocent purchasers, and she sought to recover $2,000 against them the alleged value of the land. In the alternative she sought judgment against all defendants for damages for the breach of the agreement to support her. The jury found that at the time and before the deeds were executed, there was an agreement btween Mrs. Dugat and the Mahons and the Burrells that they would take care of her if and when care became necessary. The jury found that the agreement was breached, and assessed damages against Will Burrell and wife in the sum of $800, and against Mahon and wife for a like amount. And this appeal is from that judgment.

### Opinion

Pretermitting a discussion of the several assignments complaining of procedural matters, we will proceed at once to a consideration of what we consider the controlling question in this case, which is the sufficiency of the evidence to sustain the jury's finding of an agreement between the plaintiff and the defendants for her support, as alleged. Upon a careful review of all of the evidence it is our conclusion that the evidence is insufficient to support the finding that the conveyances in question were made in consideration of the promise of support, as alleged. The only testimony as to the alleged agreement was by the plaintiff, Mrs. Dugat, herself. Her testimony on the point is quite indefinite, and in places contradictory.

It appears from the evidence that for many years prior to the death of plaintiff's husband, Giles Dugat, in 1926, the Burrells and the Mahons had looked after the plaintiff and her husband, who were at that time aged and infirm. Mrs. Mahon and Mrs. Burrell were nieces of Giles Dugat, and, according to the plaintiff, Giles Dugat on his death bed requested her to convey 50 acres of land out of the 160-acre homestead tract to the Burrells, and a like amount to the Mahons. Only a few days after his death Mrs. Dugat came to Beaumont and executed the deed of conveyance at the office of the late Judge I. W. Lawhon, who prepared the deeds, and who, according to her testimony, had been

her lawyer for 25 years. The deeds recite a consideration of $10 and other valuable considerations. There was no reference to any agreement for support. At one place in her testimony Mrs. Dugat stated that she told her lawyer to put that in the deed, but at another place she states that she was ill and does not remember when she made the deed, or whether she signed it at all. She did not remember whether her agreement was made when the Burrells and the Mahons were all together, or whether she talked to them separately. She was quite indefinite as to the terms of the alleged agreement. The facts show that at the time the deeds were made she had other property than that conveyed to the Burrells and the Mahons. She re-tained 60 acres of the homestead tract and had other acreage with timber on it. Short-ly after the deeds were made she pur-chased a small home place from the Mahons near their home, and paid them for it. It appears further that the Burrells and the Mahons looked after her affairs, collected her rents, assisted in keeping track of her bank account, and, in fact, looked after her interests until a year or so before this suit was filed, when a disagreement of some sort developed and she became angry with them. It appears that at the time the Burrells and Mahons ceased looking after her she had several hundred dollars in cash in the bank in Beaumont. Accord-ing to her own testimony, the Burrells and the Mahons have never, at any time, given her anything. Apparently, her income had been sufficient for her support all along. There is no indication in the testimony anywhere that the plaintiff ever made any reference to any agreement for support on the part of the Burrells and the Mahons for more than ten years after the alleged agreement. And, on the whole, the testi-mony, as we have indicated above, was too indefinite, uncertain, and contradictory to support the finding that the conveyances in question were made in consideration of the promise of the defendants to support the plaintiff.

■ A reading of the evidence makes it understandable why a sympathetic jury would be inclined to make such finding. At the time of the trial the plaintiff was aged and infirm. She had made the convey-ances of the land to the defendants with-out the payment of consideration, and since she is now in need of care and sup-port it was but natural that the jury should view her case with great sympathy.

But, even so, the law requires the evidence to be judged from the legal standpoint of its sufficiency in law to support the finding. And while of course the testimony of the plaintiff alone would be sufficient to raise the issue and support the finding without any supporting evidence, if it had clearly shown the existence of the alleged agree-ment, nevertheless, it was necessary that her proof be clear and definite, as to what the agreement was, when and by whom it was made, and that it formed the induce-ment and consideration for the making of the deeds in question. As we have said, it fails to meet that test.

The case is reversed and remanded.